TATIANA DUPUY (SBN: 246705)
tdupuy@grsm.com
STEPHANIE F. JONES (SBN: 303584)
sfjones@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7415
Facsimile: (619) 696-7124

Attorneys for Defendant
KIMBERLY-CLARK CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETH ARRIAGA,<br><br>                Plaintiff,<br><br>vs.<br><br>KIMBERLY-CLARK CORPORATION; and DOES 1 to 25,<br><br>                Defendants. | CASE NO.<br>*Riverside Superior Court<br>Case no. CVSW220108*<br><br>**DEFENDANT KIMBERLY-CLARK CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION [28 U.S.C. §§ 1332, 1441(a) and (b) (Diversity) and 1446]**<br><br>Complaint Filed: 2/14/22 |

**TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, Defendant Kimberly-Clark Corporation ("Kimberly-Clark" or "Defendant") removes this action from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff Beth Arriaga ("Plaintiff" or "Arriaga") on the one hand, and Defendant on the other, and the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs on Plaintiff's individual claims.

In support of this Notice of Removal, Defendant further states:

## I. VENUE

1. The action was filed in the Superior Court of California for the County of Riverside. Venue properly lies in the United States District Court for the Central District of California, because it is the district court where the state court action is pending. *See* 28 U.S.C. §§ 84(c), 1391(a), 1441(a).

2. Therefore, Venue is proper in this Court under 28 U.S.C. §§ 84(c)(2), 1391, and 1446.

## II. NOTICE TO STATE COURT AND TO COUNSEL

3. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to Plaintiff's counsel of record, Hepburn, Hernandez & Jung Trial Attorneys. A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Riverside, as required by 28 U.S.C. § 1446(d). (See Declaration of Tatiana Dupuy ("Dupuy Decl.") at ¶ 3; Exhibit A.)

## III. THE REMOVAL IS TIMELY

4. On February 14, 2022, Plaintiff filed a complaint for: (1) strict products liability, (2) product liability – negligence, (3) negligence, (4) breach of express warranty, (5) breach of implied warranty of merchantability, (6) negligent misrepresentation, (7) violation of California's Unfair Competition Law, and (8) punitive damages.

5. The Complaint and a summons on the Complaint were first served upon Defendant's registered agent on March 30, 2022. (See Declaration of Richard Luke ("Luke Decl.") at ¶ 3.) This Notice is timely because it is filed within thirty (30) days after Defendant was served with a copy of the Complaint. (See 28 U.S.C. § 1446(b) [notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . ]; see also *Murphy Bros., Inc. v. Michetti*

1 *Pipe Stringing, Inc.* (1999) 526 U.S. 344, 353 [service of process is the official trigger for a responsive action by a named defendant].)  Defendants are filing this notice of removal within 30-days of service; thus, this notice of removal is timely.

6.    Defendant is filing this notice of removal, which contains a short plain statement of the grounds of removal, together with a copy of all process, pleadings, and orders served upon Defendant in this action. (See 28 U.S.C. § 1446(a); see also Dupuy Dec. at ¶ 3; Exhibit A.)

## IV.  THIS COURT HAS SUBJECT MATTER JURISDICTION

### A.   Diversity Exists Between the Parties.

7.    Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. (*Grupo Dataflux v. Atlas Global Group, LP* (2004) 541 U.S. 567, 571). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. (*Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. (*Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857).  A place of employment or business can be used to determine citizenship of a particular state. (See *Lew v. Moss* (9th Cir. 1986) 797 F.2d 747, 750 ["determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes"].)

8.    Corporations are citizens of the states in which they are incorporated and where they have their principal place of business. (28 U.S.C. § 1332(c)(1) [a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .]; *Hertz Corp. v. Friend* (2010) 559 U.S. 77, 92-93 [a

corporation's principal place of business refers to where the corporation's officers direct, control, and coordinate the corporation's activities].) Under the "nerve center test," a corporation's principal place of business is normally the place where the corporation maintains its headquarters. (*Hertz*, *supra*, 559 U.S. at pg. 93 [nerve center is normally the corporate headquarters provided that the headquarters is the actual center of direction, control, and coordination].)

9. In the Complaint, Plaintiff alleges that at all times relevant she was a resident of the United States and domiciliary of the state of California. (See Dupuy Decl. at ¶ 3; Exhibit A [Complaint at ¶ 9.) Thus, Defendant is informed and believes that Plaintiff was, at the time the action commenced, and still is, a resident and citizen of the State of California. (*Ibid*.)

10. Defendant Kimberly-Clark is a corporation formed in the state of Delaware. (Luke Decl. at ¶ 4.) Kimberly-Clark's principal executive office is located in Irving, Texas. (Luke Decl. at ¶ 5.) Kimberly-Clark's executive officers develop and execute its global strategies to drive growth and profitability of its personal care, consumer tissue and K-C Professional operations from the principal executive office in Texas. (Luke Decl. at ¶ 6.) Kimberly-Clark's prominent or leading decisions that are made at the principal executive office include, but are not limited to, global plans for branding and product positioning, technology, corporate governance, disclosure controls and procedures, financial reporting, capital investments, business development, research and development programs, and legal issues. (*Ibid*.) Kimberly-Clark is not, and has never been, incorporated or organized under the laws of the State of California, nor has it ever had its corporate headquarters or principal place of business located in California. (Luke Decl. at ¶ 7.)

11. Based on the foregoing paragraphs, Plaintiff is a citizen of California for purposes of diversity jurisdiction. Defendant's principal place of business is in Texas, as it is where their officers direct, control, and coordinate each of the respective corporation's activities. (*Hertz*, *supra*, 559 U.S. at pg. 93.) Accordingly,

1 Plaintiff is completely diverse from Defendant.  Further, Defendant is unaware of any other Defendants that have yet to be served or named in this lawsuit. (See Dupuy Decl. at ¶ 4.)

### B.    The Individual Amount in Controversy Exceeds $75,000.

12.    Federal courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and costs and is between citizens of different States. (28 U.S.C. § 1332(a), 1332(a)(1).)  Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the potential claim exceeds $75,000. (*Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 403-404.) In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of their claims. (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001; see also *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ["the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"].) The argument and facts set forth herein may be appropriately considered in determining whether the jurisdictional amount in controversy is satisfied. (*Cohn v. Petsmart, Inc.* (2002) 281 F.3d 837, 843, n.1, citing *Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3.)  The amount in controversy requirement may include general and special compensatory damages and attorneys' fees recoverable by statute. (*Galt G/S v. JSS Scandinavia* (9th Cir. 998) 142 F.3d 1150, 1155-56 [attorney's fees may be taken into account to determine jurisdictional amount]; see generally.)  Further, a settlement demand can be relevant evidence of the amount in controversy so long as it appears to reflect a reasonable estimate of the plaintiff's claim.  (*Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837, 840 [allowing a case to stay in federal court based on plaintiff's $100,000 settlement demand].)

///

13. On January 3, 2022, Kimberly-Corporation received Plaintiff's Pre-suit Demand Letter (the "Demand") seeking an amount well in excess of $75,000.00. Thereafter, on or about February 14, 2022, Plaintiff filed a Complaint against Defendant. (Dupuy Decl. at ¶ 3; Exhibit A.) The Complaint does not allege a specific amount in controversy and states only that Plaintiff is seeking "damage[s] in an amount which is uncertain at this time, but within the jurisdiction of" the Superior Court. (*See id*. at ¶ 33.) Defendant has not paid Plaintiff any amount in response to the Demand, or received any demand lower than the initial Demand well in excess of $75,000.00. Accordingly, based on Plaintiff's January 3, 2022 Demand and Plaintiff's Complaint, the amount in controversy exceeds the $75,000.00 statutory minimum before the Court even considers the value of her request for attorneys' fees and/or exemplary damages.

## V. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this action be removed from the Superior Court of California in and for the County of Riverside to the United States District Court for the Central District of California, and that all further proceedings in this matter take place in the United States District Court for the Central District of California.

Dated: April 29, 2022

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Tatiana Dupuy*
Tatiana Dupuy
Stephanie F. Jones
Attorneys for Defendant
KIMBERLY-CLARK CORPORATION