# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 02/14/2022 04:22 PM
Case Number CVSW2201085 0000011885368 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Miriam Verduzco, Clerk

Elliott Jung (SBN: 285491)
Adam Hepburn (SBN: 292736)
Michael Hernandez (SBN: 292679)
HEPBURN, HERNANDEZ & JUNG
TRIAL ATTORNEYS
2121 Palomar Airport Road, Suite 300
Carlsbad, CA 92011
T: 760-444-0301
F: 877-808-8348
ejung@hhjtrialattorneys.com

*Attorneys for Plaintiff*
Beth Arriaga

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

| | |
|---|---|
| BETH ARRIAGA, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>KIMBERLY-CLARK CORPORATION; and DOES 1 through 25, inclusive;<br><br>Defendants. | Case No.: CVSW2201085<br><br>**COMPLAINT FOR DAMAGES and JURY TRIAL DEMAND**<br><br>1. Strict Products Liability;<br>2. Products Liability – Negligence;<br>3. General Negligence;<br>4. Breach of Express Warranty;<br>5. Breach of Implied Warranty of Merchantability;<br>6. Negligent Misrepresentation; and<br>7. Violation of California's Unfair Competition Law |

COME NOW Plaintiff, BETH ARRIAGA, demanding a jury trial, and hereby complains and alleges against Defendants as follows:

---

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

1. Plaintiff Beth Arriaga ("Plaintiff") individually brings this action against Defendant Kimberly-Clark Corporation ("Kimberly-Clark").

2. This is a lawsuit seeking recovery for the personal and economic harms caused by the manufacture, sale, and subsequent recall of a contaminated, dangerous, and now-worthless flushable wipes by Defendant Kimberly-Clark.

3. During the Covid-19 pandemic, Kimberly-Clark was capitalizing on the public's heightened concern over the spread of infectious disease and was neglecting the safety and sanitation responsibilities it owed to its customers and the public at large.

4. On or about February of 2020, Kimberly-Clark released Cottonelle Flushable Wipes ("Cottonelle Wipes or Wipes") contaminated with a dangerous bacterial strain called *Pluralibacter gergoviae*.

5. Lacking appropriate safeguards to detect and/or remediate bacterial contamination in its products (or otherwise failing to execute them with reasonable care or competence), Kimberly-Clark proceeded to distribute the contaminated Cottonelle Wipes through retail channels and, ultimately, to Plaintiff, through major retailers such as Amazon and Costco.

6. Kimberly-Clark received ample warnings through reports of rashes, infections and other serious health complications. For a leading multinational manufacturer of hygiene and sanitary products, they presented cause for prompt and careful investigation.

7. Kimberly-Clark's investigation was neither prompt nor careful. Only after Kimberly-Clark received a number of customer complaints regarding skin irritation, infection and other complications became overwhelming did Kimberly-Clark conduct investigation and product testing required to discover the bacteria contamination.

8. On or about October 9, 2020, Kimberly-Clark announced a nationwide recall for affected lots of the Cottonelle Wipes.

**PARTIES**

9. Plaintiff Beth Arriaga is a natural person who is, and at all times relevant hereto was, a resident of the United States of America and a domiciliary of the state of California.

10. Plaintiff is informed and believes, and thereon alleges that, at all relevant times

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

2

hereto, Defendant Kimberly-Clark, is a private corporation, authorized to conduct, and does conduct, business in the State of California.

11. Kimberly-Clark manufactures various personal care and consumer tissue products and distributes them worldwide under a portfolio of well-known brands, including Cottonelle.

12. Plaintiff is informed and believes, and thereon alleges, that the fictitiously named defendants sued herein as DOES 1 through 25, and each of them, at all relevant times hereto, was the agent, employee, and/or representative of Kimberly-Clark and/or committed each of the acts or omissions alleged herein.

**JURISDICTION AND VENUE**

13. Venue is proper in this Court because the occurrences, acts, and omissions complained of herein, including Plaintiff's injuries, took place, in whole or in part, in the County of Riverside, State of California.

14. The Court has personal jurisdiction over Defendant because, upon information and belief, Defendant, conducts business in California. Defendant has sufficient minimum contacts in California or otherwise intentionally availed themselves to the market in the County of Riverside, State of California.

**FACTUAL ALLEGATIONS**

15. The following allegations are based on information and belief.

16. On or about February of 2020, Kimberly-Clark began distributing retail packages of its Cottonelle Wipes that it knew or should have known were contaminated with a dangerous bacterium called *Pluralibacter gergoviae*.

17. Formerly known as "*Enterobacter Gergovia*,"[1] *Pluralibacter gergoviae* is a rare pathogen linked to several infections including, but not limited to, lower respiratory tract infections, skin and soft tissue infections and urinary tract infections."[2]

---

[1] Brady, C., Cleenwerck, I., Venter, S., Coutinho, T., De Vos, P. *Taxonomic evaluation of the genus Enterobacter based on multilocus sequence analysis* (MLSA). Systematic and Applied Microbiology, 36 (2013), at 309 – 319.

[2] Roseann B. Termini & Leah Tressler, *American Beauty: An Analytical View of the Past and Current Effectiveness of Cosmetic Safety Regulations and Future Direction*, 63 Food & Drug L.J. 257, 274 n.124 (2008)

18. According to the FDA, *Pluralibacter gergoviae* poses a particular risk of infection to "[i]ndividuals with weakened immune systems, who suffer from a serious preexisting condition, who have been treated surgically or belong to another sensitive group of persons."[3]

19. Symptoms of *Pluralibacter gergoviae* infections are indistinguishable in clinical presentation from those of more common bacterial infections. Yet *Pluralibacter gergoviae* is stubbornly resistant to antibiotics typically used for those common bacterial infections, making their diagnosis and treatment difficult.

20. Kimberly-Clark was notified by many consumers who used Cottonelle Wipes that reported adverse symptoms consistent with exposure to *Pluralibacter gergoviae* prior to their Recall. Thousands of women have reported urinary-tract infections after using the Cottonelle Wipes which required medical visits. For instance, Cottonelle's social media accounts have been flooded with accounts of injuries relating to the products.

21. Plaintiff purchased Cottonelle Wipes at Costco and online through Amazon starting around February of 2020. She continued to purchase Cottonelle Wipes for several months moving forward and began using them for personal use.

22. Around March of 2020, Plaintiff began suffering from a urinary tract infection that would not heal.

23. Plaintiff sought medical treatment on March 11, 2020 and was prescribed antibiotics for her infection. Plaintiff's infection caused a variety of different symptoms including but not limited to blood in her urine, burning pain, flank pain, lower abdomen pain and the need to use the restroom frequently.

24. Plaintiff continued to have an almost constant urinary tract infection month after month. Plaintiff went through several rounds of antibiotics and has not received permanent relief from the infection.

25. Kimberly-Clark recalled their Cottonelle Wipes on or about October 12, 2020 for

---

[3] *See Warning Letter to Paul Xenis, Gilchrest & Saomes*, Food and Drug Administration, MARCS-CMS 485833. March 16, 2016), ¶ 2, available at https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warnings-letters/gilchrist-soames-485833-03162016.

1 | wipes that had been sold from February 14, 2020 through October 9, 2020.

2 | 26. Plaintiff received notice from both Costco Corporation and Amazon that the Cottonelle Wipes that she had purchased and used were contaminated with the bacteria *Pluralibacter gergoviae*. Kimberly-Clark assigned Plaintiff a case number of 022507777A.

27. Plaintiff had a weakened immune system and was susceptible to injury from the bacteria *Pluralibacter gergoviae*.

28. Plaintiff has been treated for her injuries for almost two years now with no relief.

## FIRST CAUSE OF ACTION
### Strict Products Liability

29. Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

30. Defendant Kimberly-Clark, directly or through its agents, employees, and/or representatives manufactured, designed, sold, distributed, and/or supplied Cottonelle Wipes, in the County of Riverside, State of California, which is the area in which Plaintiff purchased Cottonelle Wipes.

31. Kimberly-Clark placed the Wipes in the stream of commerce by distributing them to various retailers, including, where the Cottonelle Wipes were ultimately purchased by, or for use by, Plaintiff.

32. The Cottonelle Wipes purchased by Plaintiff were in a defective condition that rendered them unreasonably dangerous at the time Kimberly-Clark designed, manufactured, maintained, sold, distributed, and/or supplied them —namely, because they were contaminated with the harmful bacterium *Pluralibacter gergoviae* – because the wipes were defectively manufactured, in that the finished wipes deviated in terms of its construction or quality from the specifications or planned output in a manner that caused, permitted, or failed to detect the contamination of the Wipes by a dangerous bacterial contamination, or that otherwise rendered them unreasonably dangerous.

33. Kimberly-Clark's defective design and/or manufacture of the Wipes was the direct, producing, substantial, and proximate cause of the losses sustained by Plaintiff, including,

1 but not limited to, excruciating pain and suffering, mental anguish, embarrassment, loss of enjoyment of life, and emotional distress, as well as the manifestation of associated physical symptoms, all to Plaintiff's damage in an amount which is uncertain at this time, but within the jurisdiction of this Court, and will be determined according to proof at trial.

34. Kimberly-Clark had actual, subjective awareness of the risks of harm and the forgoing conduct posed to the rights, safety, and welfare of Plaintiff, but consciously disregarded such risks, and otherwise acted with gross neglect, malice and/or recklessness, such that Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish and deter like conduct.

## SECOND CAUSE OF ACTION
**Products Liability – Negligence**

35. Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

36. Defendant Kimberly-Clark, directly or through its agents, employees, and/or representatives designed, manufactured, maintained, sold, distributed and/or supplied Cottonelle Wipes, in the County of Riverside, State of California, which is the area in which the Wipes were purchased for Plaintiff.

37. At the time the Cottonelle Wipes left Defendant Kimberly-Clark's control, there was a manufacturing and/or design defect. At that time, the Cottonelle Wipes were in a defective and unreasonably dangerous condition.

38. As the company engaged in the business of designing, manufacturing, distributing, and/or selling Cottonelle Wipes, Defendant Kimberly-Clark knew, or should have known, about the potential dangers that their wipes could have had with the contamination of the harmful bacterium *Pluralibacter gergovia*.

39. As a company engaged in the business of designing, manufacturing, distributing, and/or selling Cottonelle Wipes, Defendant Kimberly-Clark had a duty to discover and correct any defects in its products.

40. Defendant Kimberly-Clark was negligent and failed to exercise reasonable care in the manufacturing, designing, inspecting, distributing, and/or selling of the Wipes.

41. Defendant Kimberly-Clark's negligence in manufacturing, designing, inspecting, distributing, and/or selling of the Cottonelle Wipes were a substantial factor in, and the direct and proximate cause of, Plaintiff's injuries.

42. As a direct and proximate result of the negligent acts and omissions of Defendant Kimberly-Clark, as alleged herein, Plaintiff has sustained serious injuries, including, but not limited to, excruciating pain and suffering, mental anguish, embarrassment, loss of enjoyment of life, and emotional distress, as well as the manifestation of associated physical symptoms, all to Plaintiff's damage in an amount which is uncertain at this time, but within the jurisdiction of this Court, and will be determined according to proof at trial.

43. As a further direct and proximate result of the negligent acts and omissions of Defendant Kimberly-Clark, as alleged herein, Plaintiff was required to and did visit healthcare providers for, *inter alia*, examination and treatment of her injuries, thereby incurring, and continuing to incur, medical and incidental expenses, all in an amount that is uncertain at this time, but within the jurisdiction of this Court, and will be determined according to proof at trial.

### THIRD CAUSE OF ACTION
### Negligence

44. Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

45. Kimberly-Clark owed duties of care to Plaintiff to safely manufacture, distribute and store the Cottonelle Wipes, which includes obligations to implement and undertake reasonable measures to ensure that the Cottonelle Wipes were free from harmful contaminants, and to conduct reasonable investigation in response to consumer complaints that suggest the Cottonelle Wipes might be contaminated.

46. In addition, after initiating the Recall and voluntarily undertaking to communicate information to Plaintiff about the affected Cottonelle Wipes and the bacterial contaminants detected in them, Kimberly-Clark owed duties of care to Plaintiff to supply them reasonably

clear, competent, accurate, and complete information regarding the health risks associated with the bacterial contamination found in its Cottonelle Wipes.

47. As a direct, foreseeable, and proximate result of Defendant's negligence, as alleged herein, Plaintiff was hurt and harmed in her health, sustaining serious injuries, including, but not limited to, pain and suffering, mental anguish, embarrassment, loss of enjoyment of life, and emotional distress, as well as the manifestation of associated physical symptoms, all to Plaintiff's damage in an amount which is uncertain at this time, but within the jurisdiction of this Court, and will be determined according to proof at trial.

48. As a further direct and proximate result of the actions and omissions of Defendant, as alleged herein, Plaintiff was required to and did visit healthcare providers for, *inter alia*, examination and treatment of her injuries, thereby incurring, and continuing to incur, medical and incidental expenses, all in an amount which is uncertain at this time, but within the jurisdiction of this Court, and will be determined according to proof at trial.

49. In committing the foregoing breaches, Kimberly-Clark acted grossly negligent and/or recklessly, such that an award of punitive damages should issue against Kimberly-Clark in an amount sufficient to punish and deter like conduct.

### FOURTH CAUSE OF ACTION
### Breach of Express Warranty

50. Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

51. Kimberly-Clark conveyed descriptions, affirmations of fact, and/or promises to Plaintiff with respect to the Cottonelle Wipes, including that:

    a. the wipes were of sufficient quality to pass without objection in the trade or industry;

    b. the wipes will consistently meet consumer's needs;

    c. the wipes will "perform as intended";

    d. the wipes are "safe for their intended use";

    e. the wipes will reach consumers in a "safe" condition;

  f. the wipes are "sanitary";

  g. the wipes utilize "CleaningRipples Texture and the cleansing power of water to deliver long-lasting freshness";

  h. the wipes are "gentle and effective for a truly refreshing clean";

  i. the wipes "deliver a gentle clean for sensitive skin";

  j. the wipes deliver a "refreshing clean";

  k. the wipes "offer a large, dual layer wipe to clean better than when using dry toilet paper alone"; and

  l. other descriptions, affirmations of fact, and/or promises alleged herein.

52. Kimberly-Clark's descriptions, affirmations of fact and/or promises relating to the Cottonelle Wipes formed the basis of the bargain between Kimberly-Clark and Plaintiff, giving rise to express warranties that the Cottonelle Wipes would conform to such descriptions, affirmations of fact, and/or promises.

53. Kimberly-Clark breached the foregoing express warranties by selling Cottonelle Wipes to Plaintiff that were contaminated with harmful bacteria and subject to recall, and which—contrary to Kimberly-Clark's descriptions, affirmations of fact, and/or promises about the wipes—were not "sanitary," "safe," "gentle," or "effective"; did not "perform as intended"; did not meet Plaintiff's needs; did not deliver "long-lasting freshness," a "truly refreshing clean," a "gentle clean for sensitive skin," or "clean better than…dry toilet paper alone"; and/or did not otherwise conform to Kimberly-Clark's express warranties described herein.

54. Kimberly-Clark's breaches of the foregoing express warranties were the direct, substantial and proximate cause of the personal and economic injuries sustained by Plaintiff as detailed herein, including, but not limited to, excruciating pain and suffering, mental anguish, embarrassment, loss of enjoyment of life, and emotional distress, as well as the manifestation of associated physical symptoms, all to Plaintiff's damage in an amount which is uncertain at this time, but within the jurisdiction of this Court, and will be determined according to proof at trial.

55. As a further direct and proximate result of Defendant Kimberly-Clark's breach of express warranty, as alleged herein, Plaintiff was required to and did visit healthcare providers

1 for, *inter alia*, examination and treatment of her injuries, thereby incurring, and continuing to
2 incur, medical and incidental expenses, all in an amount that is uncertain at this time, but within
3 the jurisdiction of this Court, and will be determined according to proof at trial.

### FIFTH CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability

56. Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

57. Kimberly-Clark is a "merchant" with respect to wipes, tissues, toilet paper, and other goods of the same kind as Cottonelle Wipes.

58. Kimberly-Clark, as the designer, manufacturer, marketer, distributor, and/or seller of the Cottonelle Wipes, impliedly warranted that the wipes were of merchantable quality and thus, at a minimum:

   a. were of sufficient quality to pass without objection in the trade or industry;
   b. were of fair average quality within Kimberly-Clark's description of them;
   c. were fit for the ordinary purposes for which they are used;
   d. ran of even kind, quality, and quantity within each unit and among all units involved; were adequately contained, packaged, and labeled;
   e. and/or conformed to the promises or affirmations of fact made on their packaging.

59. Kimberly-Clark breached the implied warranty of merchantability by, without limitation, selling defective Wipes that: were contaminated with dangerous bacteria, and thus were insufficient quality to pass without objection in the trade or industry; were unsuitable for their ordinary purposes; were not of even kind or quality compared to non-contaminated wipes; and which failed to conform to the promises or affirmations of act made on their packaging.

60. As a direct and proximate result of Defendant Kimberly-Clark's breach of implied warranty, as alleged herein, Plaintiff has sustained serious injuries, including, but not limited to, excruciating pain and suffering, mental anguish, embarrassment, loss of enjoyment of life, and emotional distress, as well as the manifestation of associated physical symptoms, all to Plaintiff's

damage in an amount which is uncertain at this time, but within the jurisdiction of this Court, and will be determined according to proof at trial.

61. As a further direct and proximate result of Defendant Kimberly-Clark's breach of implied warranty, as alleged herein, Plaintiff was required to and did visit healthcare providers for, *inter alia*, examination and treatment of her injuries, thereby incurring, and continuing to incur, medical and incidental expenses, all in an amount that is uncertain at this time, but within the jurisdiction of this Court, and will be determined according to proof at trial.

### SIXTH CAUSE OF ACTION
### Negligent Misrepresentation

62. Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

63. Kimberly-Clark supplied false information to Plaintiff for their guidance and benefit in ascertaining the nature, quality, and properties of the Cottonelle Wipes.

64. Kimberly-Clark further supplied false information to Plaintiff for their guidance and benefit informing them about the relative risks of exposure to the Cottonelle Wipes contaminated with *Pluralibacter gergoviae*.

65. Kimberly-Clark also had a duty to disclose material facts to Plaintiff about the nature, quality, risks, and conditions of the wipes by virtue of its superior and unique knowledge of the facts and its own culpability in creating Plaintiff's mistaken belief that the wipes were safe, sanitary, and otherwise suitable for their intended use.

66. Kimberly-Clark breached the foregoing duties, including, without limitation, by:
   a. misrepresenting to Plaintiff that the Cottonelle Wipes were safe, sanitary, and otherwise suitable for their intended use;
   b. supplying Plaintiff misleading information about the risks associated with exposure to the Cottonelle Wipes with *Pluralibacter gergoviae*; and/or
   c. omitting material information about the nature, quality, risks, and condition of the Cottonelle Wipes, including the risks that they were contaminated.

67. Kimberly-Clark's misrepresentations and omissions were of such a nature that no reasonable consumer would have purchased the Cottonelle Wipes had they known that the wipes were potentially contaminated and subject to recall.

68. Plaintiff sustained damages when she purchased the Cottonelle Wipes under the belief that they were safe, sanitary, and suitable for personal use, and otherwise conformed to the representations made by Kimberly-Clark.

69. Kimberly-Clark acted intentionally, maliciously, grossly negligent and/or recklessly when it undertook the forgoing conduct, such that Plaintiff is entitled to an award of punitive damages sufficient to punish and deter like conduct.

### SEVENTH CAUSE OF ACTION
### Violations of California's Unfair Competition Law

70. Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

71. Kimberly-Clark is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

72. Kimberly-Clark violated Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL") by engaging in unlawful, unfair, and deceptive business acts and practices.

73. Kimberly-Clark's unlawful, unfair, and deceptive practices include:

   a. selling, marketing, and promoting Cottonelle Wipes with a defect that consisted of harmful or hazardous bacteria;

   b. omitting, suppressing, and concealing the material fact that the Cottonelle Wipes were unsafe and unsuitable for their intended use;

   c. misrepresenting and falsely advertising that the Cottonelle Wipes were safe, sanitary, and otherwise suitable for their intended use;

   d. failing to implement adequate quality control mechanisms to detect and prevent the contamination of Cottonelle Wipes;

   e. failing to timely recall Cottonelle Wipes that were known or suspected to be contaminated;

    f. failing to timely disclose the risks associated with using the Cottonelle Wipes that were known or suspected to be contaminated;

    g. failing to adequately notify individuals who purchased the Cottonelle Wipes that such products were unsafe and could cause injury; and

    h. failing to automatically refund individuals who purchased the Cottonelle Wipes that were known or suspected to be contaminated.

74. Kimberly-Clark's failure to detect and prevent the spread of hazardous materials and misrepresentations and omissions relating to the safety of its products are contrary to legislatively-declared public policy that seeks to protect consumers' safety. Kimberly-Clark engaged in unlawful business practices by violating multiple laws, including California's Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code § 109875, et seq., California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1780, et seq., California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq., and California common law.

75. Kimberly-Clark's unlawful conduct described herein resulted in substantial consumer injuries, as described above, that are not outweighed by any countervailing benefits to consumers or competition. Moreover, because consumers could not know of Kimberly-Clark's unlawful conduct, consumers could not have reasonably avoided the harms that Kimberly-Clark caused. Kimberly-Clark's misrepresentations and omissions were material because they were likely to deceive reasonable consumers.

76. As a direct and proximate result of Kimberly-Clark's unfair, unlawful and fraudulent acts and practices, Plaintiff was exposed to harmful bacteria and increased risk of adverse health consequences.

77. Kimberly-Clark acted intentionally, knowingly, and maliciously to violate California's Unfair Competition Law, and recklessly disregarded the rights of Plaintiff. Plaintiff seeks all monetary relief allowed by law including reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5; and other appropriate equitable relief.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgement against Defendant as follows:

1. Economic, compensatory, and punitive damages in amounts to be determined at trial;
2. Such other and further relief available under all applicable state and federal laws;
3. Award Plaintiff reasonable attorneys' fees, costs and expenses; and
4. Any other relief this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Date: February 14, 2022

HEPBURN, HERNANDEZ & JUNG
TRIAL ATTORNEYS

*/s/ Elliott Jung*

Elliott Jung
Adam Hepburn
Michael Hernandez
Attorneys for Plaintiff