Elliott Jung (SBN: 285491)
Michael Hernandez (SBN: 292679)
Adam Hepburn (SBN: 292736)
HEPBURN, HERNANDEZ & JUNG
TRIAL ATTORNEYS
2121 Palomar Airport Road, Suite 300
Carlsbad, CA 92011
T: 760-444-0301
F: 877-808-8348
ejung@hhjtrialattorneys.com
mhernandez@hhjtrialattorneys.com
ahepburn@hhjtrialattorneys.com

*Attorneys for Plaintiff*
*BETH ARRIAGA*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| BETH ARRIAGA, an individual; | Case No.: 5:22-cv-00740-JGB-SP |
| Plaintiff, | **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| vs. | 1. Strict Products Liability |
| KIMBERLY-CLARK CORPORATION; and DOES 1 through 25, inclusive; | 2. Products Liability – Negligence |
| Defendants. | 3. General Negligence |
| | **[JURY TRIAL DEMANDED]** |
| | *[On Removal from the Superior Court of the State of California for the County of Riverside, Case No.: CVSW2201085]* |

COMES NOW Plaintiff, BETH ARRIAGA, demanding a jury trial, and hereby complains and alleges against Defendants as follows:

1        1.      Plaintiff Beth Arriaga ("Plaintiff") individually brings this action against

2    Defendant Kimberly-Clark Corporation ("Defendant" or "Kimberly-Clark").

3        2.      This is a lawsuit seeking recovery for the personal and economic harms

4    caused by the manufacture, sale, and subsequent recall of a contaminated, dangerous,

5    and now-worthless flushable wipes by Defendant Kimberly-Clark.

6        3.      During the Covid-19 pandemic, Kimberly-Clark was capitalizing on the

7    public's heightened concern over the spread of infectious disease and was neglecting

8    the safety and sanitation responsibilities it owed to its customers and the public at large.

9        4.      On or about February of 2020, Kimberly-Clark released Cottonelle

10   Flushable Wipes ("Cottonelle Wipes" or "Wipes") contaminated with a dangerous

11   bacterial strain called *Pluralibacter gergoviae*.

12       5.      Lacking appropriate safeguards to detect and/or remediate bacterial

13   contamination in its products (or otherwise failing to execute them with reasonable care

14   or competence), Kimberly-Clark proceeded to distribute the contaminated Cottonelle

15   Wipes through retail channels and, ultimately, to Plaintiff, through major retailers such

16   as Amazon and Costco.

17       6.      Kimberly-Clark received ample warnings through reports of rashes,

18   infections and other serious health complications. For a leading multinational

19   manufacturer of hygiene and sanitary products, they presented cause for prompt and

20   careful investigation.

21       7.      Kimberly-Clark's investigation was neither prompt nor careful. Only after

22   Kimberly-Clark received a number of customer complaints regarding skin irritation,

23   infection and other complications became overwhelming did Kimberly-Clark conduct

24   investigation and product testing required to discover the bacteria contamination.

25       8.      On or about October 9, 2020, Kimberly-Clark announced a nationwide

26   recall for affected lots of the Cottonelle Wipes.

27       //

28       //

**PARTIES**

9.     Plaintiff Beth Arriaga is a natural person who is, and at all times relevant hereto was, a resident of the United States of America and a domiciliary of the state of California.

10.     Plaintiff is informed and believes, and thereon alleges that, at all relevant times hereto, Defendant Kimberly-Clark, is a private corporation, authorized to conduct, and does conduct, business in the State of California.

11.     Kimberly-Clark manufactures various personal care and consumer tissue products and distributes them worldwide under a portfolio of well-known brands, including Cottonelle.

12.     Plaintiff is informed and believes, and thereon alleges, that the fictitiously named defendants sued herein as DOES 1 through 25, and each of them, at all relevant times hereto, was the agent, employee, and/or representative of Kimberly-Clark and/or committed each of the acts or omissions alleged herein.

**JURISDICTION AND VENUE**

13.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the occurrences, acts, and omissions complained of herein, including Plaintiff's injuries, took place, either in whole or in part, in the County of Riverside, State of California.

14.     The Court has personal jurisdiction over Defendant because, upon information and belief, Defendant, conducts business in California.  Defendant has sufficient minimum contacts in the State of California or otherwise intentionally availed itself to the market in the County of Riverside, State of California.

**FACTUAL ALLEGATIONS**

15.     The following allegations set forth in this Plaintiff's First Amended Complaint ("FAC") are based on information and belief.

16.     On or about February of 2020, Kimberly-Clark began distributing retail packages of its Cottonelle Wipes that it knew or should have known were contaminated with a dangerous bacterium called *Pluralibacter gergoviae*.

17.     Formerly known as "*Enterobacter Gergovia*,"[1] *Pluralibacter gergoviae* is a rare pathogen linked to several infections including, but not limited to, lower respiratory tract infections, skin and soft tissue infections and urinary tract infections."[2]

18.     According to the FDA, *Pluralibacter gergoviae* poses a particular risk of infection to "[i]ndividuals with weakened immune systems, who suffer from a serious preexisting condition, who have been treated surgically or belong to another sensitive group of persons."[3]

19.     Symptoms of *Pluralibacter gergoviae* infections are indistinguishable in clinical presentation from those of more common bacterial infections. Yet *Pluralibacter gergoviae* is stubbornly resistant to antibiotics typically used for those common bacterial infections, making their diagnosis and treatment difficult.

20.     Kimberly-Clark was notified by many consumers who used Cottonelle Wipes that reported adverse symptoms consistent with exposure to *Pluralibacter gergoviae* prior to their Recall. Thousands of women have reported urinary-tract infections after using the Cottonelle Wipes which required medical visits. For instance, Cottonelle's social media accounts have been flooded with accounts of injuries relating to the products.

21.     Plaintiff purchased Cottonelle Wipes at Costco and online through Amazon starting around February of 2020. She continued to purchase Cottonelle Wipes for several months moving forward and began using them for personal use.

//

---

[1] Brady, C., Cleenwerck, I., Venter, S., Coutinho, T., De Vos, P. *Taxonomic evaluation of the genus Enterobacter based on multilocus sequence analysis* (MLSA). Systematic and Applied Microbiology, 36 (2013), at 309 – 319.
[2] Roseann B. Termini &. Leah Tressler, *American Beauty: An. Analytical View of the Past and Current Effectiveness of Cosmetic Safety Regulations and Future Direction*, 63 Food & Drug L.J. 257, 274 n.124 (2008).
[3] *See Warning Letter to Paul Xenis, Gilchrest & Saomes*, Food and Drug Administration, MARCS-CMS 485833. March 16, 2016), ¶ 2, available at https://www.fda.gov/inspections-compliance-enforement-and-criminal-investigations/warnings-letters/gilchrest-soames-485833-03162016.

22.     Around March of 2020, Plaintiff began suffering from a urinary tract infection that would not heal.

23.     Plaintiff sought medical treatment on March 11, 2020 and was prescribed antibiotics for her infection. Plaintiff's infection caused a variety of different symptoms including but not limited to blood in her urine, burning pain, flank pain, lower abdomen pain and the need to use the restroom frequently.

24.     Plaintiff continued to have an almost constant urinary tract infection month after month. Plaintiff went through several rounds of antibiotics and has not received permanent relief from the infection.

25.     Kimberly-Clark recalled their Cottonelle Wipes on or about October 12, 2020 for wipes that had been sold from February 14, 2020 through October 9, 2020.

26.     Plaintiff received notice from both Costco Corporation and Amazon that the Cottonelle Wipes that she had purchased and used were contaminated with the bacteria *Pluralibacter gergoviae*. Kimberly-Clark assigned Plaintiff a case number of 022507777A.

27.     Plaintiff had a weakened immune system and was susceptible to injury from the bacteria *Pluralibacter gergoviae.*

28.     Plaintiff has been treated for her injuries for almost two years now with no relief.

## **FIRST CAUSE OF ACTION**

### **Strict Products Liability**

29.     Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs of this FAC.

30.     Defendant Kimberly-Clark, directly or through its agents, employees, and/or representatives manufactured, designed, sold, distributed, and/or supplied Cottonelle Wipes, in the County of Riverside, State of California, which is the area in which Plaintiff purchased Cottonelle Wipes.

//

31.     Kimberly-Clark placed the Wipes in the stream of commerce by distributing them to various retailers, including, where the Cottonelle Wipes were ultimately purchased by, or for use by, Plaintiff.

32.     The Cottonelle Wipes purchased by Plaintiff were in a defective condition that rendered them unreasonably dangerous at the time Kimberly-Clark designed, manufactured, maintained, sold, distributed, and/or supplied them –namely, because they were contaminated with the harmful bacterium *Pluralibacter gergoviae* – because the wipes were defectively manufactured, in that the finished wipes deviated in terms of its construction or quality from the specifications or planned output in a manner that caused, permitted, or failed to detect the contamination of the Wipes by a dangerous bacterial contamination, or that otherwise rendered them unreasonably dangerous.

33.     Kimberly-Clark's defective design and/or manufacture of the Wipes was the direct, producing, substantial, and proximate cause of the losses sustained by Plaintiff, including, but not limited to, excruciating pain and suffering, mental anguish, embarrassment, loss of enjoyment of life, and emotional distress, as well as the manifestation of associated physical symptoms, all to Plaintiff's damage in an amount which is uncertain at this time, but within the jurisdiction of this Court, and will be determined according to proof at trial.

34.     Kimberly-Clark had actual, subjective awareness of the risks of harm and the forgoing conduct posed to the rights, safety, and welfare of Plaintiff, but consciously disregarded such risks, and otherwise acted with gross neglect, malice and/or recklessness, such that Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish and deter like conduct.

## SECOND CAUSE OF ACTION

### Products Liability - Negligence

35.     Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs of this FAC.

//

36.     Defendant Kimberly-Clark, directly or through its agents, employees, and/or representatives designed, manufactured, maintained, sold, distributed and/or supplied Cottonelle Wipes, in the County of Riverside, State of California, which is the area in which the Wipes were purchased for Plaintiff.

37.     At the time the Cottonelle Wipes left Defendant Kimberly-Clark's control, there was a manufacturing and/or design defect. At that time, the Cottonelle Wipes were in a defective and unreasonably dangerous condition.

38.     As the company engaged in the business of designing, manufacturing, distributing, and/or selling Cottonelle Wipes, Defendant Kimberly-Clark knew, or should have known, about the potential dangers that their wipes could have had with the contamination of the harmful bacterium *Pluralibacter gergovia.*

39.     As a company engaged in the business of designing, manufacturing, distributing, and/or selling Cottonelle Wipes, Defendant Kimberly-Clark had a duty to discover and correct any defects in its products.

40.     Defendant Kimberly-Clark was negligent and failed to exercise reasonable care in the manufacturing, designing, inspecting, distributing, and/or selling of the Wipes.

41.     Defendant Kimberly-Clark's negligence in manufacturing, designing, inspecting, distributing, and/or selling of the Cottonelle Wipes were a substantial factor in, and the direct and proximate cause of, Plaintiff's injuries.

42.     As a direct and proximate result of the negligent acts and omissions of Defendant Kimberly-Clark, as alleged herein, Plaintiff has sustained serious injuries, including, but not limited to, excruciating pain and suffering, mental anguish, embarrassment, loss of enjoyment of life, and emotional distress, as well as the manifestation of associated physical symptoms, all to Plaintiff's damage in an amount which is uncertain at this time, but within the jurisdiction of this Court, and will be determined according to proof at trial.

//

43.     As a further direct and proximate result of the negligent acts and omissions of Defendant Kimberly-Clark, as alleged herein, Plaintiff was required to and did visit healthcare providers for, *inter alia*, examination and treatment of her injuries, thereby incurring, and continuing to incur, medical and incidental expenses, all in an amount that is uncertain at this time, but within the jurisdiction of this Court, and will be determined according to proof at trial.

### THIRD CAUSE OF ACTION

### Negligence

44.     Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs of this FAC.

45.     Defendant Kimberly-Clark owed duties of care to Plaintiff to safely manufacture, distribute and store the Cottonelle Wipes, which includes obligations to implement and undertake reasonable measures to ensure that the Cottonelle Wipes were free from harmful contaminants, and to conduct reasonable investigation in response to consumer complaints that suggest the Cottonelle Wipes might be contaminated.

46.     In addition, after initiating the Recall and voluntarily undertaking to communicate information to Plaintiff about the affected Cottonelle Wipes and the bacterial contaminants detected in them, Kimberly-Clark owed duties of care to Plaintiff to supply them reasonably clear, competent, accurate, and complete information regarding the health risks associated with the bacterial contamination found in its Cottonelle Wipes.

47.     As a direct, foreseeable, and proximate result of Defendant's negligence, as alleged herein, Plaintiff was hurt and harmed in her health, sustaining serious injuries, including, but not limited to, pain and suffering, mental anguish, embarrassment, loss of enjoyment of life, and emotional distress, as well as the manifestation of associated physical symptoms, all to Plaintiff's damage in an amount which is uncertain at this time, but within the jurisdiction of this Court, and will be determined according to proof at trial.

48.     As a further direct and proximate result of the actions and omissions of Defendant, as alleged herein, Plaintiff was required to and did visit healthcare providers for, *inter alia*, examination and treatment of her injuries, thereby incurring, and continuing to incur, medical and incidental expenses, all in an amount which is uncertain at this time, but within the jurisdiction of this Court, and will be determined according to proof at trial.

49.     In committing the foregoing breaches, Kimberly-Clark acted grossly negligent and/or recklessly, such that an award of punitive damages should issue against Kimberly-Clark in an amount sufficient to punish and deter like conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant, as follows:

1.     For general and compensatory damages in an amount according to proof at trial;

2.     For special damages in an amount according to proof at trial;

3.     For punitive damages to punish, deter, and make an example of Defendant;

4.     For such other and further relief available under all applicable state and federal laws;

5.     For reasonable attorneys' fees, expenses, and costs of suit herein incurred;

6.     For such other and further relief as this Court deems just and proper.

Date:  May 12, 2022

HEPBURN, HERNANDEZ & JUNG
TRIAL ATTORNEYS

Elliott Jung
Michael Hernandez
Adam Hepburn
*Attorneys for Plaintiff*
*Beth Arriaga*